# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

In Re:                                    )
                                          )
Elizabeth/Jose Molina                     )         **JUDGE RICHARD L. SPEER**
Clarence T. Foos                          )
Troy Major                                )         Case No. 09-30143 (Molina)
                                          )                  08-35543 (Foos)
    Debtor(s)                      )                  09-30215 (Major)
                                          )

## DECISION AND ORDER

In each of the three cases before the Court, the Debtors have claimed as exempt the full amount of those funds allocable to the Federal "Child Tax Credit." Each of the Debtors claimed this exemption pursuant to the recently revised O.R.C. § 2329.66(A)(9)(g) which provides:

> (A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:
>
> > (9) The person's interest in the following:
> >
> > > (g) Payments under section 24 or 32 of the "Internal Revenue Code of 1986," 100 Stat. 2085, 26 U.S.C. 1, as amended.

Section 24 of the Internal Revenue Code is entitled "Child tax credit."

In each case, the Trustee, Louis Yoppolo, objected to the Debtors' claim of exemption insofar as it sought to use O.R.C. § 2329.66(A)(9)(g) to exempt the non-refundable portion of the Child Tax Credit. As taken from his brief submitted in the case of Troy Major, the Trustee summarized his position as follows:

> the Trustee is objecting to that portion of the Child Tax Credit being exempt, which is non-refundable and which appears for example on Form 1040 on

line 52. The Trustee maintains that this portion of the Child Tax Credit is not a "payment" which can be exempted, in that it can only be used as a credit for tax owed and is non-refundable. The Trustee does not object to the exemption in the Child Tax Credit taken in a given case under Form 1040 as the "Additional Child Tax Credit," which is calculated on form 8812 and listed on line 66 Form 1040. This "refundable" portion of the Child Tax Credit is clearly a "payment" which is exempt under Ohio law.

(Doc. No. 15). Each of the Debtors objected to this position, presenting to the Court, orally and/or in writing, arguments in support of their respective positions.

The issue before the Court is this: may a debtor, pursuant to O.R.C. § 2329.66(a)(9)(g), claim as exempt their interest in the non-refundable portion of the Federal Child Tax Credit. This exact issue was recently addressed by my Colleague, the Honorable Mary Ann Whipple, United States Bankruptcy Judge, Northern District of Ohio, Western Division. The issue was brought before Judge Whipple in three cases: *In Re: Robert and Heather Klostermeier*, Case No. 08-36700; *In re Brian and Amanda Luke*, Case No. 08-35623; and *In re Renee Ruhl*, Case No. 08-36030.

In each of these cases, Judge Whipple held that, insofar as it concerned O.R.C. § 2329.66(a)(9)(g), the Debtors could not claim as exempt the non-refundable portion of their Child Tax Credit. For this decision, Judge Whipple explained in the case of *In re: Klostermeier*:

> Debtors could only use the child tax credit to offset their income tax liability. The entire credit was, therefore, non-refundable. They have no interest in a "payment" in the amount of this credit, which is the term chosen by the Ohio legislature to describe the property subject to the exemption. As one court explained, although the non-refundable credit may facilitate a refund where prior payments or withholdings are in an amount greater than the tax liability net of the credit, the credit itself is never recoverable as a refund by taxpayers. This determination is consistent with the Internal Revenue Code's provision authorizing the refund of any "overpayment" of income taxes, see 26 U.S.C. § 6402(a), and its treatment of only the refundable portion of the child tax credit as an overpayment, see 26 U.S.C. §§ 24(d)(1), 6401(b). The non-refundable child tax credit is not treated as an overpayment and, therefore, does not constitute any portion of a taxpayer's income tax refund. As such, the non-refundable child tax credit is not property of Debtors' bankruptcy estate and cannot be subject to collection and distribution by the

Page 2

> Trustee. Debtors have already obtained the benefit of the entire child tax credit when they used the credit to reduce their tax liability. They cannot also use the credit to insulate part of their tax refund from use by the Trustee for the benefit of their unsecured creditors.

(Doc. No. 49). (internal citation omitted).

After considering this position, in light of the arguments made by the Debtors and the Trustee, the Court concurs in the decision rendered by Judge Whipple. This Court will, therefore, adopt as its own the Memorandum of Decision Sustaining Objection to Exemption, attached hereto, as entered by Judge Whipple on May 14, 2009, in the case of *In Re: Robert and Heather Klostermeier*, Case No. 08-36700. For this reason, the Debtors are not entitled to claim as exempt the non-refundable portion of the Federal Child Tax Credit.

It is therefore,

**ORDERED** that the Objection of the Trustee to the Debtors' claim of exemption in the non-refundable portion of their Federal Child Tax Credit, be, and is hereby, SUSTAINED.

**IT IS FURTHER ORDERED** that the Debtors shall forthwith turnover to the Trustee the nonexempt portion of their tax refunds, including that portion of their tax return allocable to the non-refundable portion of the Federal Child Tax Credit.

Dated: May 29, 2009

_____
Richard L. Speer
United States
Bankruptcy Judge

Page 3

The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 08-36700 |
| | ) | |
| Robert J. Klostermeier and | ) | Chapter 7 |
| Heather L. Klostermeier, | ) | |
| | ) | |
| Debtors. | ) | JUDGE MARY ANN WHIPPLE |

### MEMORANDUM OF DECISION SUSTAINING OBJECTION TO EXEMPTION

This case is before the court on the Chapter 7 Trustee's objection to an exemption claimed by Debtors in their federal income tax refunds ("Objection") [# 33], his memorandum in support [Doc. # 36], and Debtors' opposition [Doc. # 41]. The court held a hearing on the Objection at which the Trustee and Debtors' attorney both appeared in person. For the reasons that follow, the Trustee's Objection will be sustained.

### FACTUAL BACKGROUND

The relevant facts are not in dispute. Debtors are married and have four minor children. They filed their Chapter 7 petition on December 9, 2008. Debtors' amended Schedule B shows personal property that includes their interest in a 2008 income tax refund in the amount of $4,000.00. On their amended Schedule C, Debtors claim this amount as exempt under Ohio Revised Code § 2329.66(A)(9)(g).

Debtors' 2008 federal tax return shows a total tax liability of $643 after deducting a non-refundable education credit in the amount of $716 and a non-refundable child tax credit in the amount of $4,000. Nevertheless, although only a $4,000.00 income tax refund is shown on Schedule B, Debtors do not dispute

that they were entitled to a tax refund in the amount of $6,921 as is shown on their income tax return, which amount is the difference between the federal income tax withheld from their wages in the amount of $7,564 and the $643 tax liability. In addition, Debtors do not dispute that they were also entitled to a state income tax refund in the amount of $612.[1]

The Trustee objects to Debtors' claimed exemption under § 2329.66(A)(9)(g) in the tax refund for the child tax credit, which he characterizes as a non-refundable credit.

## LAW AND ANALYSIS

As authorized by 11 U.S.C. § 522(b)(2), the Ohio legislature opted out of the federal exemptions provided in § 522(d). *See* Ohio Rev. Code § 2329.662. As a result, debtors for whom the applicable exemption law under § 522(b)(3)(A) is Ohio law must claim exemptions under the relevant Ohio statutes and under applicable non-bankruptcy federal law. Ohio exemption law applies to Debtors as they have been domiciled in this state for more than the 730 days preceding the date of the filing of their petition. *See* 11 U.S.C. § 522(b)(3)(A); Doc. # 1, p. 34, SOFA question 15. Effective September 30, 2008, the Ohio exemption statute was amended and a provision was added that allows debtors to exempt their interest in "[p]ayments under section 24 or 32 of the 'Internal Revenue Code of 1986' . . . ." Ohio Revised Code § 2329.66(A)(9)(g).

Section 32 of the Internal Revenue Code deals with the earned income tax credit while section 24 deals with the federal child tax credit. *See* 26 U.S.C. §§ 24 and 32. At issue in this case is the child tax credit that allows parents with an adjusted gross income below a threshold amount to claim a tax credit of $1,000 for each qualifying child under the age of 17.[2] 26 U.S.C. § 24(a). The credit has both non-refundable and refundable components. The non-refundable portion of the credit is limited by the amount of tax otherwise owed by the taxpayer and serves only to reduce that tax in determining the taxpayers total tax liability. *Id.* § 24(b)(3).

A refundable portion, referred to as the additional child tax credit, is available only if a debtor's tax liability is less than the total available child tax credit (i.e. $1,000 per qualifying child). It is then allowed in an amount that is the lesser of the remaining child tax credit available to the taxpayer or the greater of

---

[1] Although Debtors also do not show this amount on their Schedules B or C, they do not dispute the numbers set forth in the Trustee's Analysis of Non-Exempt Portion of Tax Refunds submitted at the hearing with respect to the total tax refunds to which they were entitled.

[2] The credit is reduced to zero on a graduating scale for families whose income is above the threshold amount. *See* 26 U.S.C. § 24(b).

2

(a) 15% of the amount by which the taxpayer's earned income exceeds a certain sum,[3] or, (b) in the case of a taxpayer with three or more children, the excess, if any, of the taxpayer's social security taxes for the taxable year over the earned income credit for the taxable year. *Id.* § 24(d). Section 24(d) further provides that the "aggregate credits allowed to a taxpayer under subpart C ["Refundable Credits"] shall be increased by [the amount of the additional child tax credit set forth in § 24(d)]" and that "the amount of the credit allowed under this subsection shall not be treated as a credit allowed under [subpart A, "Nonrefundable Personal Credits"]...." *Id.* § 24(d)(1). Therefore, although the additional child tax credit is set forth under "Nonrefundable Personal Credits" in subpart A, pursuant to § 24(d)(1), it is treated as a refundable credit under subpart C and, as such, as a tax overpayment that may be refunded to the taxpayer.[4] *See* 26 U.S.C. § 6401(b)(1) (providing that "if the amount allowable as credits under subpart C . . . exceeds the [income] tax imposed by subtitle A (reduced by the credits allowable under subparts A . . .), the amount of such excess shall be considered an overpayment"); 26 U.S.C. § 6402(a) (providing for the refund of any overpayment of taxes).

In this case, Debtors filed their bankruptcy petition on December 9, 2008. The court subsequently granted the Trustee's motion for turnover and ordered Debtors to turn over all non-exempt portions of their 2008 income tax refunds. [Doc. # 27]. As discussed above, Debtors claim $4,000.00 of their income tax refund as exempt under Ohio Revised Code § 2329.66(A)(9)(g). Because Debtors' tax liability was greater than the $4,000 available child tax credit, the entire credit was non-refundable. The Trustee's Objection requires the court to interpret the new Ohio exemption statute and determine whether § 2329.66(A)(9)(g) provides an exemption for the non-refundable portion of the federal child tax credit. The Trustee has the burden of proving by a preponderance of the evidence that an exemption should be disallowed. *See* Fed. R. Bankr. P. 4003(c); *In re McCashen*, 339 B.R. 907, 909 (Bankr. N.D. Ohio 2006).

The Ohio courts have not addressed this new (to Ohio) exemption yet. In the absence of state law interpreting this exemption, this court must attempt to predict how the Ohio Supreme Court would rule if

---

[3] For the year 2008, Congress reduced the amount of income a taxpayer must earn in order to be eligible for the additional child tax credit to $8,500. Emergency Economic Stabilization Act of 2008, Sec. 501, Pub. L. 110-343, 122 Stat. 3765, 3876.

[4] As explained further below, the court also addressed Ohio's exemption for payments under § 24 of the Internal Revenue Code in two recent cases, *In re Luke*, No. 08-35623 (April 27, 2009) and *In re Ruhl*, No. 08-36030 (April 27, 2009). In both cases, the court stated that the refundable portion of the child tax credit is not defined as a tax overpayment by the Internal Revenue Code. On closer review, the court believes this statement is incorrect and that § 6401(b)(1) read in conjunction with § 24(d) does define the refundable portion of the child tax credit as an overpayment. Nevertheless, in both *Luke* and *Ruhl*, the court still concluded, as it does in this case, that the refundable child tax credit is treated as a tax overpayment in that taxpayers receive the refundable amount as a tax refund.

3

confronted by the same issue. *Baumgart v. Alam (In re Alam)*, 359 B.R. 142, 147 (B.A.P. 6th Cir. 2006). In doing so, the court may rely upon, among other sources, "persuasive opinions from other jurisdictions." *Id.* (quoting *Welsh v. U.S.*, 844 F.2d 1239, 1245 (6th Cir. 1988)).

The Ohio Supreme Court has previously adopted the general rule that exemption statutes are to be construed liberally in favor of the debtor. *See, e.g., Daugherty v. Cent. Trust Co. of Northeastern Ohio, N.A.*, 28 Ohio St. 3d 441, 504 N.E.2d 1100, 1103 (1986). It is also clear, however, that the Ohio Supreme Court strongly expects that when interpreting an Ohio statute a court's "inquiry begins with the statutory text, and ends there as well if the text is unambiguous." *State ex rel. Plain Dealer Publishing Co. v. Cleveland*, 106 Ohio St. 3d 70, 76-77 (2005). Thus, the court believes that the Ohio Supreme Court would find in interpreting the instant exemption statute, like any other statute, that the plain meaning of the statutory text, if there be such, will not give way to more general equitable and other considerations in favor of debtors. *See In re Malsch*, 400 B.R. 584, 593 (Bankr. N.D. Ohio 2008). In other words, the acknowledged general "liberalization" of the Ohio exemption statutes through the Ohio Legislature's 2008 amendments is reflected in the terms and dollar amounts it chose to accomplish its legislative goals.

Section 2329.66(A)(9)(g) provides an exemption for a person's interest in "[*p*]*ayments* under section 24... of the Internal Revenue Code of 1986." (emphasis added). The Trustee argues that under the plain terms of the statute the only "payment" under § 24 in which Debtors have any interest is the refundable portion of the child tax credit. The court agrees, having recently addressed this issue in two factually similar cases.

In *In re Luke*, No. 08-35623 (April 27, 2009) and *In re Ruhl*, No. 08-36030 (April 27, 2009), the court concluded that a debtor is not entitled to an exemption under § 2329.66(A)(9)(g) in the non-refundable portion of the child tax credit. Although no cases had addressed this precise issue, the court found persuasive the discussion in cases that addressed the child tax credit in other contexts. For example, some courts have considered whether and to what extent the child tax credit constitutes property of the bankruptcy estate and have concluded that the *refundable* portion of the credit is property of the estate. *See In re Matthews*, 380 B.R. 602, 606-08 (Bankr. M.D. Fla. 2007); *In re Minton*, 348 B.R. 467, 475 (Bankr. S.D. Ohio 2006); *In re Law*, 336 B.R. 144, 146 (Bankr. W.D. Mo. 2005), *aff'd* 336 B.R. 780 (B.A.P. 8th Cir. 2006). *But see In re Schwartz*, 314 B.R. 433 (2004) (finding that the child tax credit is after-acquired property and, therefore, is not property of the estate). These courts distinguish between the nature of the non-refundable portion of the child tax credit and the refundable portion, finding that a debtor's contingent interest in the future payment of the refundable portion of the child tax credit is property of the estate. *See*

4

*In re Mathews*, 380 B.R. at 608; *In re Minton*, 348 B.R. at 474-75; *In re Law*, 336 B.R. at 146. By contrast, the non-refundable portion "is simply a reduction against the amount of tax liability." *In re Matthews*, 380 B.R. at 605.

Similarly, courts have found the distinction between the refundable and non-refundable portions of the child tax credit crucial in determining whether the credit is exempt under state law as a form of public assistance or in the nature of a child support allowance or other maintenance. *See In re Parker*, 352 B.R. 447, 454 (Bankr. N.D. Ohio 2006) (holding that the refundable portion is nonexempt estate property but the non-refundable portion is simply a reduction against the amount of tax liability); *In re Koch*, 299 B.R. 523, 527 (Bankr. C.D. Ill. 2003) (stating that the "key factor is the refundability of the credit" and concluding that "[i]f a credit is not refundable, further inquiry need not be made"); *In re Dever,* 250 B.R. 701, 704, 706 (Bankr. D. Idaho 2000) (finding that the debtors were not entitled to an exemption in the amount of the non-refundable child tax credit since they had no claim to the amount of the credit other than in using it to reduce tax liability).

As in both *In re Luke* and *In re Ruhl*, the court finds dispositive of the issue presented in this case the determination as to whether the tax credit at issue is property of Debtors' bankruptcy estate. As a general proposition, exemptions are designed to permit debtors to retain properties that are deemed necessary for their support and the support of their dependents. *In re Stevenson*, 374 B.R. 891, 894 (Bankr. M.D. Fla. 2007). Absent an available exemption claimed by a debtor in a Chapter 7 case, all of the debtor's interests in property as of the commencement of the bankruptcy case become property of the estate that is subject to collection and liquidation by the trustee and to distribution in payment of claims in accordance with the Bankruptcy Code. 11 U.S.C. §§ 541, 704, 726. To the extent that the non-refundable child tax credit is not property of the estate and is, therefore, not subject to collection and liquidation by the Trustee, Debtors cannot claim it as an exemption from property of the estate. *See* 11 U.S.C. 522(b)(1) (providing that a "debtor may exempt *from property of the estate*" property as set forth in that statute); *In re Law*, 336 B.R. at 146 (stating that the issue of whether a debtor can claim an exemption in the child tax credit is moot unless the credit is first considered property of the bankruptcy estate).

In this case, Debtors could only use the child tax credit to offset their income tax liability. The entire credit was, therefore, non-refundable. They have no interest in a "payment" in the amount of this credit, which is the term chosen by the Ohio legislature to describe the property subject to the exemption. As one court explained, although the non-refundable credit may facilitate a refund where prior payments or withholdings are in an amount greater than the tax liability net of the credit, the credit itself is never

5

recoverable as a refund by taxpayers. *See In re Dever*, 250 B.R. at 706. This determination is consistent with the Internal Revenue Code's provision authorizing the refund of any "overpayment" of income taxes, *see* 26 U.S.C. § 6402(a), and its treatment of only the refundable portion of the child tax credit as an overpayment, *see* 26 U.S.C. §§ 24(d)(1), 6401(b). The non-refundable child tax credit is not treated as an overpayment and, therefore, does not constitute any portion of a taxpayer's income tax refund. As such, the non-refundable child tax credit is not property of Debtors' bankruptcy estate and cannot be subject to collection and distribution by the Trustee. Debtors have already obtained the benefit of the entire child tax credit when they used the credit to reduce their tax liability. They cannot also use the credit to insulate part of their tax refund from use by the Trustee for the benefit of their unsecured creditors. *See In re Dever*, 250 B.R. at 706.

The two cases cited by the Trustee, *Sorenson v. Secretary of Treasury*, 475 U.S. 851 (1986), and *In re Law*, 336 B.R. 144 (Bankr. W.D. Mo. 2005), are distinguishable from this case as argued by Debtors. *Sorenson* addresses the issue of whether excess earned income credits were "overpayments" subject to being intercepted for payment of past due child support obligations. *In re Law* addresses the issue of whether both the refundable and the non-refundable portions of the child tax credit were property of the debtors' bankruptcy estate. Neither case addresses a specific exemption similar to § 2329.66(A)(9)(g). Nevertheless, the Trustee cites these two cases only for the propositions that (1) there is a distinction between the refundable and the non-refundable portion of the child tax credit, *In re Law*, 336 B.R. at 146, and (2) refundability is inseparable from the classification as an overpayment of tax, *Sorenson*, 475 U.S. at 851. Because the court finds the nature of the non-refundable child tax credit to be dispositive in determining whether § 2329.66(A)(9)(g) provides an exemption for such a credit, the fact that *Sorenson* and *In re Law* are otherwise distinguishable does not change this court's analysis.

Debtors' income tax refund in the amount of $6,921 consists only of the funds withheld from their wages. Debtors having no interest in a "payment" with respect to the non-refundable child tax credit and no claim with respect to the credit other than in using it to reduce their tax liability, the court concludes that the non-refundable credit is not property of Debtors' bankruptcy estate that they may separately exempt under § 2329.66(A)(9)(g) as a "payment" to them.

According to the Trustee's calculation, with which Debtors agree, the estate's prepetition pro rata portion of Debtors' federal and state income tax refund is $7,099.59. Subtracting from this amount the sum of the exemptions available to Debtors, including the balance of the exemption provided under §

6

2329.66(A)(3) in the amount of $362.00[5] and the "wildcard" exemption under § 2329.66(A)(18) in the amount of $1,075.00, the court finds that $5,662.99 of Debtors' combined 2008 federal and state income tax refunds is non-exempt property of the estate and must be turned over to the Trustee.

A separate order in accordance with this memorandum of decision will be entered by the court.

---

[5] Ohio Revised Code § 2329.66(A)(3) permits debtors to exempt their interest, not to exceed $400 in "cash on hand, money due and payable, money to become due within ninety days, tax refunds, and money on deposit with a bank. . . ." On their Schedule C, Debtors claimed exemptions in the amount of $15.00 in cash on hand and $23.00 as to their interest in a checking account and a savings account, leaving a balance of $362.00 that is available as an exemption with respect to their income tax refunds.

7

# CERTIFICATE OF SERVICE

Copies were mailed this 29th day of May, 2009 to:

Elizabeth Molina
670 W. Stevenson
Gibsonburg, OH 43431

Jose A. Molina
670 W. Stevenson
Gibsonburg, OH 43431

Stacey Bellas
316 N. Michigan St., Suite 420
Toledo, OH 43604

Louis J Yoppolo
1200 Edison Plaza
300 Madison Ave
Toledo, OH 43604-1556

/s/Jennifer S Huff
Deputy Clerk, U.S. Bankruptcy Court